**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 95-2025**

---

BELAY T. SEBSIBE,

Petitioner,

versus

U.S. IMMIGRATION & NATURALIZATION SERVICE,

Respondent.

---

On Petition for Review of an Order of the Immigration and Natural-
ization Service.  (A27-861-125)

---

Submitted:  May 31, 1996          Decided:  July 18, 1996

---

Before HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit
Judge.

---

Affirmed by unpublished per curiam opinion.

---

Jim Tom Haynes, FRAGOMEN, DEL REY & BERNSEN, P.C., Washington,
D.C., for Petitioner.  Frank W. Hunger, Assistant Attorney General,
Karen Fletcher Torstenson, James A. Hunolt, Office of Immigration
Litgation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Belay T. Sebsibe appeals the Board of Immigration Appeals' denial of his motion to reopen his deportation proceedings to allow him to pursue a suspension of his deportation under 8 U.S.C.A. § 1254 (West 1994). We affirm.

Motions to reopen are disfavored and the alien bears a "heavy burden" to meet the necessary standard of proof. I.N.S. v. Abudu, 485 U. S. 94, 110 (1988). We review the BIA's denial of a motion to reopen for an abuse of discretion. Yanez-Popp v. I.N.S., 998 F.2d 231, 234 (4th Cir. 1993). An abuse of discretion exists only if the BIA's decision was made without rational explanation, irrationally departs from established policies, or rests on an impermissible basis, such as ethnic discrimination. M.A. v. I.N.S., 899 F.2d 304, 310 (4th Cir. 1990) (en banc). Our review had found none of these potentially discrediting factors warranting reversal.

Specifically, Sebsibe's arguments in his brief fail to persuade us that the Board abused its discretion. We find that the Board considered all relevant factors in denying the motion to reopen and did not rely on invidious discrimination. Additionally, we find no departure by the Board from its established procedures by not weighing discretionary favorable factors against unfavorable factors. Sebsibe's remaining claims also fail to show an abuse of discretion.

Accordingly, we affirm the Board's denial of Sebsibe's motion to reopen. We dispense with oral argument because the facts and

2

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED